UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FAUSTINO ANTHONY PEREZ,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. 3:26-cv-06189-BHS-GJL

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT

Plaintiff Faustino Anthony Perez, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint (Dkt. 8) under 28 U.S.C. § 1915A, the Court **DECLINES** to serve the Complaint and, instead, **GRANTS** Plaintiff leave to file an amended pleading by **December 11, 2026**, to cure the deficiencies identified herein.

## I. BACKGROUND

Plaintiff, a pretrial detainee located at the Clark County Jail in Vancouver, Washington, initiated this § 1983 action alleging courts and other state officials in Washington State and California have violated his constitutional rights in connection with his criminal proceedings in

both States. Dkt. 8. The  allegations in his 173-page Complaint range from violations of his rights to due process and equal protection to false charges and ineffective assistance of counsel in both his Placer County, California, proceedings originating in 2006, and his Clark County, Washington, proceedings originating in 2026. *See id*. Plaintiff does not seek monetary damages. *Id*. Rather, Plaintiff names the United States of America as the sole Defendant, and seeks declaratory and injunctive relief such as "[t]he implementation and enforcement of meaningful rules that help to prevent misconduct within the judicial systems of states to inhibit violations of rights." *Id*. at 12.

More specifically, Plaintiff seeks reforms to the procedural rules for criminal proceedings in state courts as well as for the filing of habeas corpus petitions. *Id*. at 12–15. Additionally, he seeks further protections for individuals arrested based on witness statements not recorded or transcribed or without evidence verified by video, and for individuals required to participate in mental competency hearings. *Id*. at 12–15. He also seeks changes to California's Three Strikes Law. *Id*. at 13.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Further, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). "[T]o nudge a claim across the line from conceivable to plausible, a plaintiff must plead facts that, if true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and to rule out obvious alternative explanations for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589–90 (2026) (citing *Iqbal,* 556 U.S., at 678, 680 and *Twombly*, 550 U.S., at 567) (cleaned up).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how each defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

//

## III. DISCUSSION

Having reviewed the Complaint, the Court notes the following deficiencies.

### A. Rule 8

Plaintiff has failed to provide a short and plain statement of his claims. He does not use this Court's standard form for prisoner civil rights complaints. Rather, Plaintiff has filed a 173-page pleading which appears to be a 15-page Complaint with numerous pages attached as exhibits. Dkt. 8. This pleading is generally deficient because it does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be *simple, concise, and direct*." Fed. R. Civ. P. 8(d) (emphasis added).

Further, while the 15-page Complaint contains nine sections of "factual allegations," in several sections, Plaintiff refers to the exhibits attached to the Complaint. *See* Dkt. 8 at 2–11. However, exhibits are not a substitute for a well-pled complaint. *Crary v. Washington*, No. 3:24-CV-5666-TMC, 2024 WL 4729499, at *3 (W.D. Wash. Sept. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-5666-TMC, 2024 WL 4722142 (W.D. Wash. Nov. 8, 2024) (declining to consider exhibits "as a replacement for a well-pled complaint"); *Banken v. Wormuth*, No. C24-06071-KKE, 2025 WL 672732, at *2 (W.D. Wash. Mar. 3, 2025) (same).

Thus, because "it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

//

**B. Improper Defendant - United States of America**

Plaintiff names the United States of America as the sole Defendant in this case. Dkt. 8. Plaintiff appears to be attempting to file a § 1983 action against the United States Government. However, the Government cannot be sued under § 1983. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either [42 U.S.C. §§ 1983 or 1985] that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions."). Furthermore, Plaintiff cannot maintain a *Bivens* action against the Government. *Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997) ("A *Bivens* action cannot be maintained against a federal agency.").

Moreover, "[t]he United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). "The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiff has not shown any waiver of immunity by the United States that would allow him to sue the United States Government for the claims alleged in the Complaint.

**C. Habeas Corpus versus § 1983 Action**

To the extent the Complaint represents a challenge to the criminal proceedings against Plaintiff, such claims in the Complaint must be raised in a habeas corpus petition rather than in a § 1983 complaint.

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S.

475, 490 (1973). "A habeas petition under [28 U.S.C. §] 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, *but not pursuant to the judgment of a state court*, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)) (emphasis added). Whereas, a habeas petition under 28 U.S.C. § 2254 would—after exhaustion of state court remedies—be the appropriate vehicle to challenge confinement pursuant to a final judgment of conviction. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 498–99)) ("A civil rights action, in contrast, is the proper method of challenging conditions of confinement.").

Here, Plaintiff is clearly challenging the fact of his custody and appears to be seeking release. In Complaint, Plaintiff claims the state courts have violated his constitutional rights by imposing various rules and procedures associated with the criminal charges against him in Clark County, Washington, and Placer County, California. Dkt. 8. These claims are properly raised in a habeas petition, not a § 1983 complaint.

**D. *Younger* Abstention**

In the Complaint, Plaintiff makes several allegations related to his Clark County criminal proceedings which appear to be ongoing.[1] Dkt. 8 at 2–5. The Court finds Plaintiff's claims are integrally related to his underlying state criminal proceedings and therefore the Court should abstain from deciding the claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

---

[1] It is not clear from the Complaint whether Plaintiff's Placer County criminal proceedings remain active. *See* Dkt. 8.

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45, 46. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Where these factors are met, federal courts must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 766. Further, courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

All of the *Younger* criteria are satisfied here. First, Plaintiff is a pretrial detainee with ongoing criminal proceedings in state court. *See* Dkt. 8. Second, as these proceedings involve a state criminal prosecution, they implicate important state interests. *Younger*, 401 U.S. at 43–44; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the constitutional violations alleged in his ongoing state court proceedings. Fourth, Plaintiff is appearing to request dismissal of the criminal charges against him in state court. If this Court were to conclude that Plaintiff was entitled to such relief, this would have the practical effect of enjoining his ongoing state court proceedings.

Accordingly, the Court directs Plaintiff to either show cause why the Court should not abstain from deciding the claims raised in his Complaint pursuant to *Younger* or to file an amended complaint with allegations of fact (if such facts exist) that would address this issue.

## IV. CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to direct service of the Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies on or before **December 11, 2026.**

The Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief **MUST** be simple, concise, and direct.

The amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's prior pleadings. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be prepared using the court-provided form and **MUST** be legibly rewritten or retyped in its entirety. This means that the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate *any part* of the prior complaint by reference.

Failure to file an amended complaint addressing the issues identified herein by the stated deadline **MAY** result in a **recommendation** this action be **dismissed**.

//

Finally, the Clerk of Court is **DIRECTED** to provide Plaintiff the appropriate forms for filing a prisoner civil rights complaint along with a copy of this Order.

Dated this 12th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge